In this case, McGhee complains of error arising from the denial of an untimely motion for a jury trial which she presented to a visiting judge to whom the case had been referred for trial. During oral argument before this court, McGhee's counsel indicated satisfaction with the stipulated jury waiver which both counsel had submitted to the court, but complained that when the court referred the case to a visiting judge that had been assigned by the Chief Justice, his client should have been given another opportunity to have the matter tried to a jury. This, however, is neither authorized by the civil rules nor sanctioned by procedures for assigning cases to visiting judges.
In effect, with this challenge, McGhee has filed a collateral attack against the person of the visiting judge without directly filing an affidavit of prejudice against that judge. This cannot be done.
R.C. 2701.03 provides that:
 When a judge of a court of common pleas * * * has bias or prejudice either for or against, a party to a matter or cause pending before the court or his counsel, or is otherwise disqualified to sit in a cause or matter pending before the court, any party to the cause or matter, or the counsel of any party may file an affidavit with the clerk of the supreme court setting forth the fact of interest, bias, prejudice, or disqualification. * * * The chief justice shall pass upon the disqualification of the judge * * *. The affidavit shall be filed not less than three days prior to the time set for the hearing in the matter or cause.
The court in Beer v. Griffith (1978), 54 Ohio St.2d 440 stated:
 Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis.
Additionally, Civ.R. 38 provides in pertinent part:
 (B) Any party may demand a trial by jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed on the issue. (D) The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5 (D) constitutes a waiver by him of trial by jury.
Because our court has no authority to pass upon disqualification or to void a judgment on that basis and because the failure to assert a jury demand in accordance with Civ.R. 5 (D) constitutes a waiver of the right to do so at a later point in trial, I concur with the majority, that the court did not abuse its discretion and would affirm the judgment of the trial court.